**Ci Hui WANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 04–0582–AG NAC.

United States Court of Appeals, Second Circuit.

April 4, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Adam S. Lurie, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Ci Hui Wang, though counsel, petitions for review of the BIA decision affirming without opinion the decision of an immigration judge ("IJ") denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case. Where, as here, the BIA has affirmed the IJ's decision without an opinion, the Court reviews the IJ's decision directly under the "substantial evidence" standard. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158–59 (2d Cir.2004); 8 C.F.R. § 1003.1(e)(4).

We first consider whether we have jurisdiction to review the IJ's finding, with respect to Wang's asylum claim, that Wang's application was untimely filed. The INA, by its terms, precludes judicial review of the Attorney General's determinations regarding the one-year deadline provided in 8 U.S.C. § 1158. *See* 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2).") However, under the REAL ID Act of 2005, effective May 11, 2005, this Court has jurisdiction to review any "constitutional claims or questions of law" raised in a petition for review, notwithstanding "any other provision of this chapter ... which limits or eliminates judicial review." REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, Title I, § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144 (2d Cir.2006). In *Chen,* we recently determined that the term "questions of law," as provided in the REAL ID Act, refers only to "a narrow category of issues regarding statutory construction." *Chen,* 434 F.3d 144, 147. Thus, this Court "remain[s] deprived of jurisdiction to review discretionary and factual determinations." *Id.* Because Wang has not raised a constitutional challenge to the IJ's denial of his asylum application and has not asserted that the IJ engaged in erroneous statutory interpretation with respect to the timeliness issue, we lack jurisdiction to consider whether the IJ abused his discretion or

otherwise committed legal error in denying Wang's asylum application as untimely. *See Chen,* 434 F.3d 144, 147.

■ Turning to the IJ's denial of Wang's application for withholding of removal, we conclude that substantial evidence supports the IJ's adverse credibility finding. An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted). Although inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). Finally, while an adverse credibility finding may be based on the inherent implausibility of particular allegations, *see, e.g., Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005), it may not be based on speculation and conjecture, *see Secaida–Rosales,* 331 F.3d at 307, 312. Here, the record supports the IJs observation that Wang's application and testimony were inconsistent with respect to facts material to Wang's allegations of past persecution.

First, Wang's application and testimony were inconsistent regarding whether the absence of a birth permit had been a factor in the cadres decision to perform an abortion on Wang's wife, Lin. Wang indicated in his application that the family planning cadres had required Lin to submit to an abortion because she and Wang had not obtained a marriage license or birth permit. However, at his removal hearing, Wang neglected to mention the absence of the birth permit until prompted by the IJ and then contradicted himself with respect to whether the family planning cadres had

stated that the absence of a birth permit was a causative factor for the abortion.

Second, Wang's application and testimony were inconsistent with respect to Wang's whereabouts on the day of the alleged abortion. Wang stated in his application that "we begged the cadres to let the child live," whereas he testified that he had not been home at the time that the cadres took Lin to the hospital. Moreover, when questioned about this inconsistency, Wang first asserted that linguistic difficulties accounted for the discrepancy and then stated, for the first time, that family planning officials had come to his home on a previous occasion. Further, a review of the transcript of the removal hearing confirms that, when the IJ requested that Wang describe the events that had transpired on that prior occasion, Wang did not respond to the IJ's questions and refused to provide any further details about the incident. In light of these discrepancies, the IJ did not err in finding Wang's testimony incredible.

Finally, a review of the record indicates that the IJ's findings as to Wang's demeanor throughout the hearing have a supportable basis in the record and, given the level of deference accorded to the IJ's assessment of Wang's testimony, are sufficient to sustain the adverse credibility finding. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) (observing that "[a] fact-finder who assesses testimony together with witness demeanor is in the best position to discern ... whether inconsistent responses are the product of innocent error or intentional falsehood").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceedings is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request

for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).